[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10094
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2009
THOMAS K. KAHN
CLERK

Agency No. A036-668-702

FRANCIS JARED NIGEL DARIN FRANCOIS,
a.k.a. Francis Jared Francois,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 17, 2009)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Francis Francois, a native and citizen of Trinidad and Tobago proceeding

pro se, petitions this court for review of the Board of Immigration Appeals'

("BIA") affirmance of the Immigration Judge's ("IJ") order of removal. For the reasons discussed below, we dismiss the petition in part and deny the petition in part.

## I.

Francois arrived in the United States as a lawful permanent resident in 1978. In 2007, the Department of Homeland Security issued a notice to appear, charging Francois with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (the "INA") based on his 2006 conviction for burglary of a structure.[1] INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii). At the initial removal hearing, Francois admitted that he had been convicted of burglary and sentenced to eighteen months' imprisonment and was therefore removable under the INA. Thereafter, Francois applied for withholding of removal and relief under the Convention Against Torture ("CAT") on the ground that he would be tortured or killed by Trinidad officials because his uncle Abu Bakr was a leader of a radical Muslim faction called the Jamaat Al Muslimeen which led a violent coup against the government in 1990.

At subsequent hearings, Francois testified that Bakr orchestrated a coup in

---

[1] This section of the INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The definition of aggravated felony includes "a burglary offense for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(42)(G).

1990 which resulted in the deaths of at least 24 people, including a member of Trinidad's parliament. During the coup, police invaded Francois's grandmother's house and killed Francois's cousin, Bakr's son. Although the coup was unsuccessful, Jamaat Al Muslimeen is still active in Trinidad and has approximately 900 members. Francois asserted that because Bakr is his only family, Trinidad officials would believe that he is involved in his uncle's terrorist activities. Francois admitted, however, that Bakr has four wives and fifteen children and that the children who continue to live in Trinidad have not been subjected to persecution or torture. Francois also admitted that he had not returned to Trinidad since he came to the United States in 1978 and that he did not share his uncle's political and religious views.

The IJ found that Francois was credible but nonetheless denied relief. The IJ found that because Francois had not returned to Trinidad in over thirty years and several of Bakr's close relatives remained in the country without incident, Francois had not shown it was more likely than not he would be persecuted or tortured based on his relationship to Bakr. On appeal, the BIA adopted the IJ's credibility and factual findings and agreed that Francois had not established a claim for withholding or CAT relief. This petition for review followed.

3

**II.**

We "review subject matter jurisdiction de novo." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Legal determinations are also reviewed de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006).

**III.**

As an initial matter, we note that the INA limits federal court jurisdiction in cases involving the removal of aliens under Section 237(a)(2)(A)(iii) to "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D); see also id. § 1252(a)(2)(C) ("[E]xcept as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this Title."). In other words, we do not have the jurisdiction to review factual determinations made by the IJ or BIA in cases where the alien is removable due to his having committed a listed criminal offense. Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1320 (11th Cir. 2007); cf. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). We have held, however, that a challenge to the BIA's application of an undisputed fact pattern to a legal standard is a legal question which we may consider under these circumstances. Jean-Pierre, 500 F.3d at 1322.

In this case, it is undisputed that Francois is removable under Section 237(a)(2)(A)(iii) of the INA for having committed a disqualifying criminal offense; therefore, our jurisdiction is limited to the review of "constitutional claims or questions of law raised [in the] petition for review." 8 U.S.C. § 1252(a)(2)(D). Accordingly, we dismiss the petition for lack the jurisdiction to the extent it asks us to review the factual determinations of the IJ or BIA. We retain the jurisdiction, however, to review de novo Francois's claim that the BIA misapplied the law to the facts as found by the IJ and adopted by the BIA.[2]

To obtain withholding of removal, an applicant must establish that it is "'more likely than not' []he will be persecuted or tortured upon being returned to [his] country." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (citations omitted); 8 U.S.C. § 1231(b)(3)(A). Similarly, to qualify for CAT relief, an alien must establish that it is more likely than not that he would be tortured if returned to the proposed country of removal. 8 C.F.R. § 208.16(c)(2); Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004).

In this case, the IJ found as a matter of fact that Francois's uncle Bakr was involved in a government coup in 1990, his cousin was killed during that coup, and his uncle continues to be involved in radical organizations. The IJ also found that

---

[2] It is undisputed that Francois does not raise a constitutional challenge in his petition for review.

Bakr's children who remain in Trinidad have not been subjected to persecution or torture, that Francois does not share his uncle's political views, and that Francois has not returned to Trinidad since his entry into the United States in 1978. Although Francois credibly testified that he feared he would be detained and tortured due to his uncle's activities, the IJ found that such fear was not objectively reasonable under these circumstances. Given these facts as found by the IJ, which we have no jurisdiction to review, we conclude that Francois has not shown that it is "more likely than not" that he will be persecuted or tortured upon his return to Trinidad. The BIA properly applied the law, therefore, in concluding that Francois has not met the high burden of establishing his eligibility for either withholding of removal or CAT relief. Accordingly, we deny this part of the petition for review.

**PETITION DISMISSED IN PART, DENIED IN PART.**